## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAN CONTANT,<br>                Plaintiff<br><br>    v.<br><br>THOMAS DECKER, FIELD OFFICE DIRECTOR, BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT and ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED STATES,<br>                Defendants | No. 3:10cv2483<br><br>(Judge Munley) |

### MEMORANDUM

Before the court for disposition is the plaintiff's "Emergency Petition for Writ of Mandamus." The matter has been briefed and is ripe for disposition.[1]

**Background**

On December 3, 2010, Plaintiff Isan Contant, an inmate in the Perry County, Pennsylvania, Prison, filed the instant petition for a writ of mandamus against Defendants Thomas Decker, Field Office Director, Bureau of Immigration and Customs Enforcement ("BICE"), and Eric H. Holder, Jr., Attorney General of the United States of America. Plaintiff seeks a declaration from the court that he has an automatic stay of removal from the country and to order the defendants to abide by that stay.

Pursuant to a guilty plea, New York state court convicted plaintiff of a drug offense ( Criminal Possession of a Controlled Substance 3rd Degree) on October 3, 2007. (Def. Ex. 4, People v. Contant, 2010 WL 4243191 *1,

---

[1] Plaintiff filed his brief over a week late after receiving extensions of time. We have, however, reviewed the brief and considered plaintiff's arguments in ruling on the instant petition.

(N.Y.A.D. 2 Dept, Oct. 26, 2010). The New York appellate court affirmed the conviction on direct appeal on October 26, 2010. (Id.) Immigration officials served Contant with a Notice to Appear charging him to be removable based on his unauthorized continued presence in the United States in December 2007. (Doc. 7 - 1, pg. 31, Def. Ex. 5, Notice to Appear). Immigration authorities took plaintiff into custody on March 7, 2008. He has remained in detention as an Immigration Judge ("IJ") ruled that plaintiff had failed to demonstrate that he is not a danger to the community. Contant v. Holder, 352 Fed. Appx. 692, 693 (3d Cir. 2009).

During his removal proceedings on June 16, 200 8, plaintiff filed an "I-360" petition with the United States Citizenship and Immigration Services ("USCIS") that sought to affect his removal proceedings by asserting that he is a battered spouse seeking to adjust his immigration status. (Doc. 7 - 1, pgs. 32-35, Def. Ex. 6, I-360 Denial). On August 24, 2009, the USCIS denied plaintiff's petition. (Id.) Plaintiff filed a motion for reconsideration, which the USCIS denied on July 8, 2010. (Doc. 7 - 1, pgs. 37-38, Def. Ex. 7, USCIS Denial of Recon.).

While the petition was pending, in June 2010, plaintiff appeared before an IJ for a removal hearing. (Doc. 7 -1, pgs. 39-45, Def. Ex. 8, IJ Decision June 14, 2010). The IJ ordered plaintiff removed from the United States to Trinidad and Tobago. (Id.) Plaintiff appealed to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision on September 10, 2010. (Doc. 7 -1, pgs. 46-49, Def. Ex. 9, BIA Decision of September 10, 2010). The plaintiff's removal order thus became administratively final on that date. 8 U.S.C. § 1101(a)(47)(B)(i); 8 C.F.R. § 1241.1(a).

Plaintiff appealed to the Third Circuit Court of Appeals by filing a Petition for Review and a motion for a stay of removal. Contant v. Att'y Gen'l of the United States, No. 10-3736 (3d Cir. filed Sept. 15, 2010). The court denied the stay of removal motion finding that plaintiff had not shown a likelihood of success on the merits. Id. Order dated Oct. 8, 2010.

On October 15, 2010, plaintiff filed an Emergency Petition for Mandamus in the United States District Court for the District of Vermont seeking an order compelling approval of his I-360 petition and an order staying denial of the petition. Contant v. Napolitano, et al., 5:10cv240 (D. Vt. Filed Oct. 15, 2010). This petition is still pending.

On that same date, plaintiff filed an application for a stay of removal with the United States Supreme Court, which Justice Alito denied on October 22, 2010. (Doc. 7 - 1, pg. 57, Def. Exh. 10, Isan Contant v. Eric Holder, Jr., Att'y Gen'l, Application No. 10A406, Office of the Clerk of the United States Supreme Court letter dated Oct. 22, 2010).

Plaintiff field a second Petition for Review and motion to stay removal with the Third Circuit Court of Appeals on December 6, 2010. Plaintiff seeks review of the BIA's denial of his motion to reopen his immigration proceedings. (Doc. 7 -1, pg 5, Govt. Ex. 2, Pet. for Review; Doc. 7 -1, pgs. 9-12, Govt. Ex. 3, Pet. for Stay of Removal). The Third Circuit denied the motion for stay of removal on January 13, 2011, indicating that he had not shown a likelihood of success on the merits. (Contant v. Att'y Gen'l, No. 10-4543 (3d Cir. filed Jan. 13, 2011)).

Plaintiff filed the instant petition for writ of mandamus on December 3, 2010. As noted above, Plaintiff seeks a declaration from the court that he has an automatic stay of removal from the country and to order the

defendants to abide by that stay. After a careful review, we find that we have no jurisdiction over this matter.

Federal courts are courts of limited jurisdiction, and thus have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) *cert. denied sub nom* Upp v. Mellon Bank N.A., 510 U.S. 964 (1993).

With regard to immigration matters, the Third Circuit Court of Appeals has explained that the Congress has enacted the Real ID Act, which "eliminated availability of habeas corpus relief in the district courts for aliens seeking to challenge orders of removal. Instead, Congress substituted petitions for review, filed with the courts of appeals within the first 30 days after issuance of an order of removal, as the sole vehicle whereby aliens could challenge their removal." Kolkevich v. Att'y Gen. of the United States, 501 F.3d 323, 326 (3d Cir. 2007). Specifically, the law provides: "Notwithstanding any other provision of law . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal[.]" 8 U.S.C. § 1252(a)(5). District Courts such as this court, therefore, have no role in the appeal of a removal order process.

Plaintiff argues that this court has jurisdiction because he does not seek a stay of removal, but rather seeks to have the court decide that an automatic stay of removal applies. For our purposes, this is a distinction without any practical difference. This court is not the court that is authorized to make such decisions in matters involving immigration. See Vasquez v. Napolitano, Slip Copy, 2010 WL 3946276 *4 (E.D. Pa. October

4

8, 2010) ("Indeed, it seems plain that any stay of the removal order must be appended to a request for judicial review of that order, which 8 U.S.C. § 1252(a)(5) dictates can only be pursued in the Court of Appeals. Thus, subject matter jurisdiction to issue a stay of a removal order, like any other challenge to a removal order, lies exclusively with the court of appeals."). Petitioner also argues the merits of his I-360 petition. We likewise have no authority to review the denial of relief under I-360. See 8 U.S.C. § 1252(a)(5).

The plaintiff thus asks the court to acknowledge an automatic stay of removal in a case over which it does not have jurisdiction or authority to review.[2] The court in which plaintiff may seek relief is the court of appeals. As noted above, plaintiff did in fact seek a stay of removal in the Third Circuit Court of Appeals, but relief was denied for improbability of success on the merits.[3] We are without authority to overrule the Third Circuit. For all of these reasons, the petition will be denied. An appropriate order follows.

---

[2]Plaintiff argues that this court has jurisdiction because he does not seek a stay of removal, but rather seeks to have the court decide that an automatic stay of removal applies. For our purposes, this is a distinction without any practical difference. This court is not the court that is authorized to make such decisions in matters involving immigration. Plaintiff also argues the merits of his I-360 petition. We likewise have no authority to review the denial of relief under I-360.

[3]As noted above, the United States Supreme Court has also denied plaintiff's request for a stay of removal.

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAN CONTANT,<br>　　　　　**Plaintiff** | No. 3:10cv2483<br>(Judge Munley) |
| v. | |
| THOMAS DECKER, FIELD OFFICE DIRECTOR, BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT and ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED STATES,<br>　　　　　**Defendants** | |

## ORDER

**AND NOW**, to wit, this 28th day of January 2011, the plaintiff's petition for a writ of mandamus (Doc. 1) is hereby **DENIED**. The temporary stay of removal issued on December 6, 2010 (Doc. 4) is **LIFTED**. The Clerk of Court is directed to close this case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**